Melcer Newman PLLC
111 John Street, Suite 1500
New York, New York 10038
Tel. (212) 980-8470
Fax (212) 980-8256
By: Jeffrey B. Melcer (JM 5513)

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
**CRYSTAL FORDE, as Administrator of the goods**
**chattels and credits which were of PRINCE STONEY,**
**Deceased, also as Guardian of PRINCESS NAIA**
**STONEY, Infant, and TALEISHA CHARLES,**

**Plaintiffs,**

-against-                                           **MEMORANDUM**
                                                    **IN SUPPORT**

**HORNBLOWER NEW YORK, LLC d/b/a**
**HORNBLOWER CRUISES & EVENTS,**                    **16 Civ. 4028 (AJN)**
**HORNBLOWER YACHTS, LLC, and**
**RAFAELLA D. MARANHAO,**
                                    **Defendants.**
-------------------------------------------------------------------------X          **Judge Alison J. Nathan**

**A.    PRELIMINARY STATEMENT**

This Memorandum of Law is respectfully submitted in support of plaintiffs' Motion for an

Order remanding the instant matter back to the Supreme Court of the State of New York based on

lack of subject matter jurisdiction and for such other and further relief as may be just, proper and

equitable together with the cost of this motion. The instant motion should be granted because the

tortious acts in question are not of a traditional maritime character and thus the Admiralty

jurisdiction of the Court may not be invoked by defendants. Additionally, the causes of action herein

exist by virtue of State Law and should be tried in New York State Supreme Court.

**B.    FACTUAL STATEMENT**

**1)    The Incident**

On May 10, 2014, a group of friends including decedent PRINCE STONEY, plaintiff TALEISHA CHARLES, defendant RAFAELLA D. MARANHAO and non-party Peter Figueroa drove to Pier 15 in Manhattan intending to board defendant HORNBLOWER's "Rock the Yacht - Saturday Night Party Cruise" to celebrate decedent PRINCE STONEY's birthday.

Said cruise, commonly known as a "booze cruise" to nowhere (around the Statue of Liberty and back), offered unlimited drinks for a single price. By the end of the night, the members of the party were "wasted," but defendant RAFAELLA D. MARANHAO insisted she was fine to drive. Being wasted, the party members decided to get into her car and drive back to New Jersey with her.

Defendant RAFAELLA D. MARANHAO was using non-party Peter Figueroa's phone as a GPS device to guide her as she drove. The phone started receiving text messages from Mr. Figueroa's estranged wife about Mother's Day. Ms. MARANHAO, the current girlfriend of Mr. Figueroa, objected and a heated argument ensued between Ms. MARANHAO and Mr. Figueroa in the front seats of the vehicle. Ms. MARANHAO threw the phone at Mr. Figueroa and then the vehicle began swerving to the right dramatically. Mr. Figueroa tried to correct the course of the vehicle by grabbing the wheel and trying to run it back to the left, across Ms. MARANHAO's body but it was too late. The vehicle struck a barrier and flipped over. The two men ultimately died, Mr. Figueroa at the scene and decedent PRINCE STONEY after weeks in the hospital. Ms. MARANHAO was charged with vehicular manslaughter and fled the country before her arrest.

### 2)      Procedural History of the Within Action

On May 4, 2016, plaintiff filed a Summons and Verified Complaint in the Supreme Court of the State of New York, New York County wherein it was alleged, *inter alia*, that defendants violated New York State Alcoholic Beverage Control Law §§ 65 and 117-a and that said violations were the proximate cause of the crash that resulted in the death of PRINCE STONEY, pecuniary loss and loss of guidance and support to the infant PRINCESS NAIA STONEY and injury to TALEISHA CHARLES.  Thereafter, on or about May 31, 2016, defendants filed a Notice of Removal but did not serve or file an Answer to the said Complaint.  Said Notice of Removal alleged that the mater fell within the Admiralty jurisdiction of the Court.  This was the sole basis of Federal Court jurisdiction alleged in the Notice of Removal.  Plaintiffs' motion should be deemed timely in light of the date of the Notice of Removal.

### C.      LEGAL ARGUMENTS

THE TORTIOUS ACTS IN QUESTION BORE NO RELATION TO
TRADITIONAL MARITIME ACTIVITIES AND THEREFORE THE
COURT DOES NOT HAVE JURISDICTION OVER THE INSTANT MATTER

The instant matter should be remanded to the Supreme Court of the State of New York because the acts that caused the injuries to plaintiffs were not traditional maritime activities and this divests the Court of jurisdiction.  Admiralty jurisdiction extends to those cases of damage or injury on navigable waters where the accident bears a significant relationship to traditional maritime activity regardless of whether the activity involved was of a commercial or noncommerical nature. Foremost Ins. Co. v. Richardson, 457 U.S. 668 (1982).  The primary focus of Admiralty jurisdiction is to protect maritime commerce such as the prevention or adjudication of sea going vessel collisions.  Id.  Admiralty jurisdiction is not invoked in every tort that involves navigable waters in

some tangential way. <u>Thomas v. United Air Lines</u>, 24 N.Y.2d 714 (1969) with citation to <u>McGuire v. City of New York</u>, 192 F.Supp. 866 (S.D.N.Y. 1961).

Here, the acts in question, specifically the service of unlimited alcoholic drinks to persons on a vessel on navigable waters during a cruise to nowhere, is not part of traditional maritime commerce. If history is any guide herein, the service of alcoholic drinks was certainly not illegal by tradition in maritime activity. The British and American navies would dole out portions of rum specifically so that navigation would continue in orderly fashion. That was because the sailors were at sea for months at a time and not for three hours. Also, it was certainly not part of traditional maritime commerce to get people wasted and dump them out into the streets of New York so they could drive home on the New Jersey Turnpike.

The torts that defendants stand in judgment exist solely by virtue of New York State law, necessitated by the modern world to keep the general public safe from intoxicated people wrecking havoc in civilized society. Defendants' ship, where the alcoholic beverages were doled out, was no more engaged in maritime commerce as McSorley's Ale House is engaged in maritime activity each night it serves hundreds of lights and darks to the throngs of N.Y.U. students and tourists that darken its doors. No one involved herein was a stevedore or merchant marine.

Throughout history, certain jurisdictional niches have been created by statute to allow torts to come within the ambit of Admiralty jurisdiction. Traditionally, no action for death on the high seas existed until the Death on the High Seas Act was enacted. Sailors were generally left unprotected from injury (unless due to a ship's un-seaworthiness) until the Jones Act was passed. There exists no Federal act or law that brings booze cruises into the ambit of traditional maritime commerce or into this Court's Admiralty jurisdiction. Thus, the case should be remanded.

The case should further be remanded because the torts alleged are creatures of State Law only and had effect only on dry land. Admiralty jurisdiction should not be invoked in deciding issues of local law where the effect of the law is local in nature. Heaney v. P.J. Carlin Const. Co., 269 N.Y. 93 (1935). In Heaney, a bricklayer working at Riker's Island was injured during an explosion on a boat trip back to the mainland that was arranged as part of his employer's contract to build Riker's Island. The employer sought to avoid paying workers compensation, claiming maritime law applied. The Court held that the nature of the worker's engagement was not maritime (he being a bricklayer) and his trip on the water was found to be merely tangential to his non-maritime employment. The Court further held that admiralty jurisdiction could not be invoked to avoid or alter the application of New York law, which absolutely obliged the employer to pay compensation for work related injury regardless fault. This would not be the case if Admiralty jurisdiction was invoked. The Court held that New York had a substantial interest in enforcing its Compensation laws and the fact that the injury occurred on navigable waters was immaterial to the applicability of the local law.

Here, New York has a substantial interest in protecting people at large from the damage that intoxication can create when combined with automobiles or weapons or any other item a drunk person might use to inflict damage. New York has therefore enacted two laws, New York State Alcoholic Beverage Control Law §§ 65 and 117-a, enforceable via New York State General Obligations Law § 11-101, to serve this protective role. The fact that the locale of the initial intoxication was at sea is as relevant to the applicability of the above laws as it was in Heaney. The party of four went to have a few drinks and have a good time. They did not sign on as sailors, stevedores or the like. If the ship was in dry dock the whole time they would have gotten the same service, Long Island Iced Teas and some buffet food. This is not an Admiralty case.

5

Lastly, the instant case should be remanded because the line of cases regarding aviation crashes over the high seas make it clear that absent a significant traditional connection to maritime activities, Admiralty jurisdiction may not be invoked without a specific statutory grant of jurisdiction. "We hold that unless such a [maritime] relationship exists, claims arising from airplane accidents are not cognizable in admiralty in the absence of legislation to the contrary." <u>Executive Jet Aviation, Inc. v. City of Cleveland, Ohio</u>, 409 U.S. 249, 268 (1972). In the matter at bar, like in <u>Executive</u>, we have an incident that did take place on navigable waters but bears no resemblance to maritime commerce or traditional maritime activities. Maritime activities involve moving people or things on water from place to place for a purpose. In the case at bar, defendants' ship was a floating McSorley's, moving people away from and back to the same dock for no reason other than to change the scenery and give them three hours to gulp down as many Long Island Iced Teas as possible. Maritime law has nothing to say about this activity but New York law does. Therefore, the New York State Supreme Court is where this case belongs.

**D.     CONCLUSION**

The tortious acts alleged herein are not substantially related to traditional maritime activities and the acts themselves are tortious not due to maritime law but based on New York law.  Therefore, plaintiffs' motion to remand should be granted in all respects for the reasons stated above.

Dated:        New York, New York
              June 29, 2016

                              Respectfully submitted,


                              MELCER NEWMAN PLLC,

                              By:_____
                              Jeffrey B. Melcer (JM 5513)
                              111 John Street, Suite 1500
                              New York, New York  10038
                              (212) 980-8470
                              Attorneys for Plaintiffs



TO:   FREEHILL HOGAN & MAHAR LLP
      Attorneys for Defendants
      80 Pine Street
      New York, New York 10005
      (212) 425-1900