UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACLYN FIGUEROA *née* JOSKO, as Administrator of the goods, chattels, and credits which were of PETER FIGUEROA, deceased, individually and as guardian of PEYTON FIGUEROA, infant. | **Docket No.: 1:16-cv-04028-AJN** |

Plaintiffs,

**VERIFIED COMPLAINT AND JURY DEMAND**

-against-

HORNBLOWER NEW YORK LLC., Individually and d/b/a HORNBLOWER CRUISES & EVENTS, HORNBLOWER YACHTS, LLC., and RAFAELLA D. MARANHAO,

Defendants.

**PLAINTIFFS** JACLYN FIGUEROA *née* JOSKO, as Administrator of the goods, chattels, and credits which were of PETER FIGUEROA, deceased, individually and as guardian of PEYTON FIGUEROA, infant by their attorneys GINARTE O'DWYER GONZALEZ GALLARDO & WINOGRAD, LLC, complaining upon defendants HORNBLOWER NEW YORK, LLC d/b/a HORNBLOWER CRUISES & EVENTS, HORNBLOWER YACHTS, LLC., and RAFAELLA D. MARANHAO upon information and belief, respectfully allege as follows:

## JURISDICTIONAL ALLEGATIONS

1.      This is an admiralty and maritime claim within the meaning of Rule 9(H) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333 as hereinafter more fully appears.

2. The breach of duty constitutes foreseeable damage on land as a result of negligence on the high seas and navigable waters of the United States, and is within the jurisdiction granted by the Admiralty Extension Act, and/or the general maritime law.

3. This distinct court has original jurisdiction exclusive of the States of:

(i) Any civil case of admiralty or maritime jurisdiction, saving-to-suitors in all cases all other remedies to which they are otherwise entitled.

4. The plaintiff intervenor claimants, JACLYN FIGUEROA *née* JOSKO, as Administrator of the goods, chattels, and credits which were of PETER FIGUEROA, deceased; claims that PETER FIGUEROA was killed as a direct result of the negligence of the defendant(s) HORNBLOWER NEW YORK LLC., d/b/a HORNBLOWER CRUISES & EVENTS, HORNBLOWER YACHTS, LLC, which was engaged in the carriage of passengers for compensation on the high seas and upon the navigable waters of the United States, and the negligence of her crew, officers, owners, charterers, operators and directors, in furtherance of the maritime mission of the said vessel. The details of this maritime tort are more particularly set forth below.

## PARTIES AND FACTUAL BACKGROUND

5. Plaintiff JACLYN FIGUEROA *née* JOSKO, as Administrator of the goods, chattels, and credits which were of PETER FIGUEROA, deceased, is duly appointed Administrator of the goods, chattels, and credits which were of PETER FIGUEROA, deceased, Plaintiff, having been married to PETER FIGUEROA, deceased, at the time of his death, has been issued Letters of Administration.

6.     Plaintiff JACLYN FIGUEROA *née* JOSKO, as Administrator of the goods, chattels, and credits which were of PETER FIGUEROA, deceased, is the Guardian of PEYTON FIGUEROA.

7.     Plaintiff JACLYN FIGUEROA was and is a resident of East Newark, New Jersey at all times.

8.     PEYTON FIGUEROA was and is the son of decedent PETER FIGUEROA at all times relevant herein and resides with JACLYN FIGUEROA *née* JOSKO.

9.     Decedent PETER FIGUEROA held said child PEYTON FIGUEROA out to be his own issue/son to the general public at all times of his life and decedent PETER FIGUEROA's paternity of PEYTON FIGUEROA is well documented.

10.    That upon information and belief at all times herein mentioned, defendant HORNBLOWER NEW YORK, LLC, was and still is a foreign limited liability company, organized and existing under and by virtue of the laws of the State of Delaware but duly authorized to do business in the City and State of New York.

11.    That upon information and belief at all times herein mentioned, and specifically in the year 2014, the defendant HORNBLOWER N.Y. did conduct and now still conducts business in New York County, City and State of New York under the name HORNBLOWER CRUISES & EVENTS (hereinafter designated "CRUISES & EVENTS").

12.    That upon information and belief at all times hereinafter mentioned, and specifically in the year 2014, defendants HORNBLOWER N.Y. and or CRUISES & EVENTS were in the business of providing cruises on ships owned and or operated by defendants HORNBLOWER N.Y. and or CRUSIES & EVENTS on the waters within the jurisdiction of New York State.

13.    That upon information and belief at all times hereinafter mentioned, and specifically in the year 2014, defendants HORNBLOWER N.Y. and or CRUISES & EVENTS were in the business of holding themselves out to the public as a provider of intoxicating liquor.

14.    Upon all information and belief at all times hereinafter mentioned, and specifically in the year 2014, defendants HORNBLOWER N.Y. and or CRUISES & EVENTS would invite members of the general public, including but not limited to decedent PRINCE STONEY, plaintiff TALEISHA CHARLES and defendant RAFAELLA MARANHAO onto their ships to attend the cruises described above.

15.    That upon information and belief at all times hereinafter mentioned, and specifically in the year 2014, defendants HORNBLOWER N.Y. and or CRUISES & EVENTS would name, market or otherwise advertise such cruises where alcoholic drinks were to be served as described above under the title "Rock the Yacht -- Saturday Night Party Cruise."

16.     That upon information and belief at all times herein mentioned, defendant HORNBLOWER YACHTS, LLC, (hereinafter designated "YACHTS") was and is a foreign limited liability company, organized and existing under and by virtue of the laws of the State of California and either duly authorized to do business in the City and State of New York or simply doing business in the City and State of New York without authorization.

17.     That upon information and belief at all times herein mentioned, and specifically in the year 2014, defendant YACHTS also did business as or under the guise of CRUISES & EVENTS in the State of New York.

18.     That upon information and belief at all times herein mentioned, in the year 2014, Defendant YACHTS would take or authorize agents on their behalf to take internet orders for events such as the cruises mentioned above from members of the general public and or issue tickets to members of the general public for such events and cruises as mentioned above to people from the general public.

19.     That upon information and belief at all times hereinafter mentioned, and specifically in the year 2014, defendants YACHTS and or CRUISES & EVENTS were in the business of advertising, selling admission to and or otherwise providing cruises on ships owned and or operated by defendants HORNBLOWER N.Y., YACHTS and or CRUISES & EVENTS on the waters within the jurisdiction of New York State.

20.     That upon information and belief at all times hereinafter mentioned, and specifically in the year 2014, defendants YACHTS and or CRUISES & EVENTS were in the business of providing alcoholic drinks on some of the said cruises on ships owned and or operated by defendants HORNBLOWER N.Y. and or CRUISES & EVENTS on the waters within the jurisdiction of New York State.

21.     That upon information and belief at all times hereinafter mentioned, and specifically in the year 2014, defendants YACHTS and or CRUISES & EVENTS would invite members of the general public, including but not limited to decedent PETER FIGUEROA onto their ships to attend the cruises described above.

22.     That upon information and belief at all times hereinafter mentioned, and specifically in the year 2014, defendants YACHTS and or CRUISES & EVENTS would market or otherwise advertise such cruises where alcoholic drinks were to be served as described above under the title "Rock the Yacht – Saturday Night Party Cruise."

23.     That upon information and belief, the occurrences which gave rise to the commencement of this action occurred on Saturday May 10, 2014, and into the early morning hours of Sunday May 11, 2014.

24.     That upon information and belief, occurrences which gave rise to the commencement of this action occurred on board a ship owned by HORNBLOWER N.Y.,

YACHTS and or CRUISES & EVENTS, one, some or all of said defendants, while said ship was on waters that were within the legal jurisdiction of the County, City and State of New York.

25.    That upon information and belief, on or about May 6, 2011, at 2:00p.m. under Order Number 9481528, tickets were issued, either by HORNBLOWER N.Y. or by an agent authorized by HORNBLOWER N.Y. to issue such tickets, to decedent PETER FIGUEROA and other individuals named Prince Stoney, Taleisha Charles, and Rafaella D. Maranhao, permitting decedent PETER FIGUEROA, and other individuals   Prince Stoney, Taleisha Charles, and Rafaella D. Maranhao, to attend HORNBLOWER N.Y.'S "Rock the Yacht – Saturday Night Party Cruise" on a ship owned and or operated by defendants, one, some or all of said defendants, leaving from Pier 15, New York New York at 8:30 p.m. on May 10, 2014.

26.    That upon information and belief, on or about May 6, 2014, at 3:00 p.m. under Order Number 9481528, tickets were issued, either by YACHTS or by an agent authorized by YACHTS to issue such tickets, to decedent PETER FIGUEROA, and other individuals Prince Stoney, Taleisha Charles, and defendant RAFAELLA D. MARANHAO, permitting decedent PETER FIGUEROA, and other individuals   Prince Stoney, Taleisha Charles, and defendant RAFAELLA D. MARANHAO to attend YACHTS' "Rock the Yacht – Saturday Night Party Cruise" on a ship owned and or operated by defendants, one, some or all of said defendants, leaving from pier 15, New York, New York at 8:30 p.m. on May 10, 2014.

27.    That on Saturday, May 10, 2014, and into the early morning hours of Sunday, May 11, 2014, decedent PETER FIGUEROA, and other individuals Prince Stoney, Taleisha Charles, and defendant RAFAELLA D. MARANHAO attended "Rock the Yacht –

Saturday Night Party Cruise" on a ship owned and operated by defendants, one, some or all of defendants, that departed from Pier 15, New York New York at 8:30 on May 10, 2014.

28.    That upon information and belief, employees, agents or servants of defendants, one, some or all of said defendants, worked on said "Rock the Yacht – Saturday Night Party Cruise."

29.    That upon information and belief, defendants, one, some or all of said defendants, had a duty to supervise and control the activities of the said employees, agents or servants working said "Rock the Yacht – Saturday Night Party Cruise."

30.    That upon information and belief, defendants, one, some or all of said defendants, had a duty to supervise and control the activities of the said employees, agents or servants working said "Rock the Yacht – Saturday Night party Cruise."

31.    Said employees, agents or servants of defendants, one, some or all of said defendants, operated and or controlled the events on board the ship used to host said "Rock the Yacht-Saturday Night Party Cruise."

32.    Said employees, agents or servants of defendants served alcoholic beverages to the persons on board the ship who were attending the "Rock the Yacht – Saturday Night Party Cruise."

33.    Said employees, agents or servants of defendants served alcoholic beverages to the persons on board the ship who were attending the "Rock the Yacht – Saturday Night Party Cruise" including but not limited to decedent PETER FIGUEROA and other individuals Prince Stoney, Taleisha Charles, and defendant RAFAELLA D. MARANHAO.

34.    That upon information and belief at all times herein mentioned, defendants, one, some or all of said defendants, by their agents, servants and/or employees, were in sole charge of all the portions of the aforesaid ship used to host the "Rock the Yacht – Saturday Night Party Cruise."

35.    That upon information and belief at all times herein mentioned, the ship used to host "Rock the Yacht – Saturday Night party Cruise" remained in waters under the jurisdiction of New York State.

36.    That upon information and belief at all times herein mentioned, all of the waters the ship used to host the said "rock the Yacht-Saturday Night Party Cruise" sailed upon were under the jurisdiction of New York State and therefore New York Law applied to all of the events and activities that occurred upon said ship during the "Rock the Yacht - Saturday Night Party Cruise."

37.    That upon information and belief at all times herein mentioned, compacts between New York State and the State of New Jersey, as well as applicable case law interpretations of such compacts, make New York law applicable to all ships sailing in New Harbor and or in or about the area of the Statue of Liberty.

38.     That upon information and belief at all times herein mentioned, at no time did the ship used to host the said "Rock the Yacht – Saturday Night Party Cruise" sail in waters outside the jurisdiction of New York law.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF DECEDENT PETER FIGUEROA

39.     Plaintiff repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs designated as numbers "1" through "39" with the same force and effect as though fully set forth herein.

40.     On May 10, 2014 into the early hours of May 11, 2014, decedent PETER FIGUEROA and individuals Prince Stoney, Taleisha Charles, and defendant RAFAELLA D. MARANHAO also attended the said "Rock the Yacht- Saturday Night Party Cruise" on board a ship owned and or operated by defendants, one, some or all of said defendants.

41.     On May 10 into the early morning hours of May 11, 2014, agents, servants and or employees of defendants, one, some or all of said defendants, served and continued to serve defendant RAFAELLA D. MARANHAO intoxicating liquor beverages even after they knew, or should have known, that defendant RAFAELLA D. MARANHAO had become intoxicated.

42.     Defendant RAFAELLA D. MARANHAO left the said "Rock the Yacht – Saturday Night Party Cruise" and drove a 2005 Maxima with New Jersey plate number

T476DYG with decedent PETER FIGUEROA, and other individuals Taleisha Charles and Stoney as passengers away from Pier 15.

43.     Defendants, one, some or all of said defendants, by their agents, servants and/or employees had a duty imposed by maritime law not to endanger the public and maritime commerce by serving passengers, especially those who were minors in their state of origin, to the point of serious intoxication so severe as to require their ejection from the vessel.

44.     Defendants, one, some or all of said defendants, by their agents, servants and/or employees had a duty not to menace the public, by depositing these drunken passengers on shore and ejecting them from the vessel, knowing that these drunken passengers were to drive as soon as the vessel docked.

45.     Defendants, one, some or all of said defendants, by their agents, servants and/or employees had a duty to care for passengers in an obvious drunken, unruly and murderous state so that they did not depart the vessel to drive.

46.     Defendants, one, some or all of said defendants, by their agents, servants and/or employees failure to perform this duty relates to the traditional maritime mission of caring for passengers, entertaining passengers, and providing them with food and drink for hire aboard a maritime vessel, and the failure to perform this duty with due care threatens a serious disruption of maritime commerce.

47.     Defendants, one, some or all of said defendants, by their agents, servants and/or employees breach of duty constitutes foreseeable damage on land as a result of negligence on the high seas and navigable waters of the United States, and is within the jurisdiction granted by the Admiralty Extension Act, and/or the general maritime law.

48.     While decedent PETER FIGUEROA and was a passenger in the aforementioned Maxima driving on the New Jersey Turnpike at or about milepost 104.0, defendant RAFAELLA D. MARANHAO lost control of the said Maxima and caused the said Maxima to overturn.

49.     The overturning of the said Maxima resulted in the death of decedent PETER FIGUEROA.

50.     Following the aforementioned overturning of the said Maxima, defendant RAFAELLA D. MARANHAO had her blood alcohol level tested and was found to have been driving while intoxicated.

51.     Defendant RAFAELLA D. MARANHAO's dangerous level of intoxication was directly caused by agents, servants, and or employees of defendants, one, some or all of said defendants, who served and continued to serve defendant RAFAELLA D. MARANHAO intoxicating liquor even after they knew, or should have known, that defendant RAFAELLA D. MARANHAO had become intoxicated.

52.    The service of intoxicating liquor to defendant RAFAELLA D. MARANHAO by agents, servants and or employees of defendants, some, one or all of them, even after they knew, or should have known, that defendant RAFAELLA D. MARANHAO had become intoxicated, constituted negligence and a breach of the standard of care required by a defendant.

53.    That by reason of the foregoing wrongful acts of agents, servants and or employees of defendants, one, some or all of said defendants, one, some or all of said defendants, resulted in the death of decedent PETER FIGUEROA.

54.    Said injuries and death, as alleged above, occurred solely due to the wrongful acts of defendants, one, some or all of said defendants, by their agents, servants and/or employees with no negligence or fault of decedent PETER FIGUEROA contributing whatsoever.

55.    That by reason of the negligence and breach of the standard of care by the defendants, one, some or all of said defendants, resulted in the death of decedent PETER FIGUEROA.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF DECEDENT PETER FIGUEROA

56.    Plaintiff repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs designated as numbers "1" through "55" with the same force and effect as though fully set forth herein.

57.     Upon information and belief, sometime prior to May 10, 2014, defendants, one, some or all of said defendants, advertised and or sold tickets to "Rock the Yacht – Saturday Night Party Cruise."

58.     Upon information and belief at all times hereinafter mentioned, and specifically including May 10, 2014 into the early morning hours of May 11, 2014, defendants, some, one or all of them, by their agents, servants and or employees actually did serve unlimited alcoholic drinks for a set period of time for a fixed price to attendees of the said "Rock the Yacht – Saturday Night Party Cruise" including but not limited to defendant RAFAELLA D. MARANHAO.

59.     That said service of unlimited alcoholic drinks for a set period of time for a fixed price to attendees of the said "Rock the Yacht – Saturday Night Party Cruise," including but not limited to defendant RAFAELLA D. MARANHAO, occurred in the waters under the jurisdiction of New York State and while New York State law such as New York State Alcoholic Beverage Control Law §117-a were applicable, controlled the event and proscribed such behavior.

60.     That such service of unlimited alcoholic drinks for a set period of time for a fixed price to attendees of the said "Rock the Yacht – Saturday Night Party Cruise" including but not limited to defendant RAFAELLA D. MARANHAO constituted a violation of New York State Alcoholic Beverage Control Law §117-a.

61.   That, in turn, said violation of New York State Alcoholic Beverage Control Law §117-a, was an unlawful selling of intoxicating liquor under New York State General Obligations Law Section §11-101.

62.   That while decedent PETER FIGUEROA was a passenger in the aforementioned Maxima driving on the New Jersey Turnpike at or about milepost 104.0, defendant RAFAELLA D. MARANHAO lost control of the said Maxima and caused the said Maxima to overturn.

63.   That the overturning of the said Maxima caused severe and serious injuries to decedent PETER FIGUEROA that resulted in his death.

64.   That said injuries and death alleged above, occurred solely due to wrongful acts and violations of law as descried above by defendants, some, one or all of them, by their agents, servants and/or employees with no negligence or fault of decedent PETER FIGUEROA contributing thereto whatsoever.

65.   Following the aforementioned overturning of the said Maxima, defendant RAFAELLA D. MARANHAO was found to have been driving while intoxicated.

66.   The overturning of the said Maxima resulted from defendant RAFAELLA D. MARANHAO's intoxication and from no other reason.

67.     As a result of the foregoing wrongful acts of defendants, some, one or all of them, by their agents, servants and or employees, decedent PETER FIGUEROA lost his life and expenses were incurred all to the Estate of PETER FIGUEROA'S, damage in an amount which exceeds the jurisdiction limit of all lower courts of coordinate jurisdiction.

68.     The limited liability provisions of CPLR §1602 do not apply herein pursuant to one or more of the exceptions of CPLR §1602.

69.     That due to the ultimate death of PETER FIGUEROA, and due to the violations of the New York State Alcoholic Beverage Control Law §117-a and General Obligations Law §11-101 as aforesaid by the defendants, their agents, servants and/or employees, the Estate of PETER FIGUEROA and PEYTON FIGUEROA has become entitled to pecuniary and actual damages which exceed the jurisdiction limit of all lower courts of coordinate jurisdiction, as well as exemplary damages which also exceed the jurisdictional limit of all lower courts of coordinate jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF PEYTON FIGUEROA

70.     Plaintiff repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs designated as numbers "1" through "69" with the same force and effect as though fully set forth herein.

71.     The defendant's wrongful acts, by their agents, servants, and/or employees, resulted in the death of decedents PETER FIGUEROA.

72.     That as a result of the wrongful death of decedent PETER FIGUEROA, decedent's son, PEYTON FIGUEROA, has been deprived and may, in the future be deprived, of the loss of parental guidance, nurture, care, and physical, moral and intellectual training and as a result, all of the previous mentioned pecuniary losses are recoverable under New York State Law EPTL §5-4.3.

73.     That as a result of the foregoing, PEYTON FIGUEROA has suffered damages in a sum which far exceeds jurisdiction limit of all lower courts of coordinate jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF JACLYN FIGUEROA *née* JOSKO

74.     Plaintiff repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs designated as numbers "1" through "73" with the same force and effect as though fully set forth herein.

75.     That Decedent PETER FIGUEROA was caused to suffer a wrongful and untimely death as a result of the overturning of said Maxima by intoxicated defendant RAFAELLA D. MARANHAO as a direct consequence of the wrongful actions of defendants, some, one or all of them, by their agents, servants, and/or employees, as alleged above.

76.     As a result, the Estate of the decedent PETER FIGUEROA became liable for and did expend monies for a funeral and other expenses; plaintiff has incurred and will continue to incur large sums of money on account of funeral and burial expenses.

77.     As a result of the wrongful acts of defendant as alleged herein, decedent's distributees, the Guardian of decedent's child JACLYN FIGUEROA *née* JOSKO as well as next of kin PEYTON FIGUEROA lost the services of the decedent and suffered pecuniary damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

78.     Plaintiff requests damages in an amount exceeding $100,000.00.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF JACLYN FIGUEROA *née* JOSKO

79.     Plaintiff repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs designated as numbers "1" through "78" with the same force and effect as though fully set forth herein.

80.     That at all times herein mentioned, PETER FIGUEROA was and still is the husband of JACLYN FIGUEROA *née* JOSKO, and JACLYN FIGUEROA *née* JOSKO has been and still is contributing to the support of PEYTON FIGUEROA.

81.     Solely as the consequence of Defendants negligence, as aforesaid, plaintiff, JACLYN FIGUEROA *née* JOSKO was compelled to expending monies or obligating herself in connection therewith and she may, in the future, be so compelled, and JACLYN FIGUEROA *née* JOSKO, has been deprived and may, in the future be deprived, of the company, comfort, society and companionship of her husband, PETER FIGUEROA, sustaining damages in an amount exceeding the jurisdiction limits of the lower courts.

**WHEREFORE,** plaintiff demands judgment against the defendant on all Causes of Action herein in sums exceeding the jurisdiction of all lower Courts of competent jurisdiction which might have coordinate jurisdiction over this matter, the final amount to be determined by a jury, together with costs and disbursements of this action.

Dated: New York, New York
      August 30, 2016

Yours, etc.,

**GINARTE O'DWYER GONZÁLEZ
GALLARDO & WINOGRAD, LLP**

Richard M. Winograd, Esq.
Attorneys for Plaintiffs
225 Broadway – 13th Floor
New York, New York 10007-3772
(212) 601-9700

To:   **HORNBLOWER NEW YORK LLC.,**
      **c/o NATIONAL CORPORATE RESEARCH, LTD.**
      10 East 40th Street, 10th Floor
      New York, New York 10016

      **HORNBLOWER YAUGHTS, LLC**
      On the Embarcadero Pier, 3rd Street Pier
      San Francisco, California 94111

      **Ms. Rafaela D. Maranhao**
      18 Franklin Street – Apartment 3
      Harrison, New Jersey 07029-1660

<u>**JURY DEMAND**</u>

Plaintiff demands a trial by jury of all issues so triable.


Dated: New York, New York
       August 30, 2016

                              Yours, etc.,

                              **GINARTE O'DWYER GONZALEZ**
                              **GALLARDO & WINOGRAD, LLP**


                              By: Richard M. Winograd, Esq.
                              Attorneys for Plaintiff
                              225 Broadway – 13th Floor
                              New York, New York 10007-3772
                              (212) 601-9700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACLYN FIGUEROA *née* JOSKO, as Administrator
of the goods, chattels, and credits which were of
PETER FIGUEROA, deceased, individually and as
guardian of PEYTON FIGUEROA, infant.

**Docket No.: 1:16-cv-04028-AJN**

Plaintiffs,

**VERIFICATION**

-against-

HORNBLOWER NEW YORK LLC., Individually
and d/b/a HORNBLOWER CRUISES & EVENTS,
HORNBLOWER YACHTS, LLC., and RAFAELLA
D. MARANHAO,

Defendants.

---

**STATE OF NEW YORK     }**
**COUNTY OF NEW YORK } ss:**

        **RICHARD M. WINOGRAD, ESQ.,** an attorney admitted to practice in the Courts of New York State, states:

        1.    Affirmant is a senior partner of the law firm of GINARTE, O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP, attorneys of record for the plaintiff in the within action. Affirmant has read the foregoing VERIFIED COMPLAINT & JURY DEMAND and knows the contents thereof; the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes it to be true.

        2.    This verification is made by affirmant and not by plaintiff, for the reason that plaintiff's residence is not in the county where affirmant maintains his office.

        3.    The ground of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: information furnished by plaintiff and counsel's investigation.

        The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
      August 31, 2016

                            _____
                                Richard M. Winograd, Esq.

Docket No.: 1:16-cv-04028-AJN
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

**JACLYN FIGUEROA** *née* **JOSKO, as Administrator of the goods, chattels, and credits which were of PETER FIGUEROA, deceased, individually and as guardian of PEYTON FIGUEROA, infant.**

Plaintiffs,

-against-

**HORNBLOWER NEW YORK LLC., Individually and d/b/a HORNBLOWER CRUISES & EVENTS, HORNBLOWER YACHTS, LLC., and RAFAELLA D. MARANHAO,**

Defendants.

## VERIFIED COMPLAINT AND JURY DEMAND

**GINARTE, O'DWYER GONZALEZ GALLARDO & WINOGRAD, LLP**
Attorneys for Plaintiff(s)
225 Broadway, 13th Floor
New York, New York 10007-3772
Tel.: (212) 601-9700
Fax.: (212) 267-4262