**189-16/JJW**
Freehill Hogan & Mahar, LLP
Attorneys for Defendants
80 Pine Street – 25th Floor
New York, New York 10005
Telephone:  (212) 425-1900
Facsimile:  (212) 425-1901
John J. Walsh, Esq.
Walsh@freehill.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JACLYN FIGUEROA *née* JOSKO, as Administrator of
the goods, chattels and credits which were of PETER
FIGUEROA, Deceased, Individually and as Guardian of
PEYTON FIGUEROA, Infant,

                             Plaintiffs,

            - against -

HORNBLOWER NEW YORK, LLC, Individually and
d/b/a HORNBLOWER CRUISES & EVENTS,
HORNBLOWER YACHTS, LLC and
RAFAELLA D. MARANHAO,

                      Defendants.

----------------------------------------------------------------x

1:16-CV-04028-AJN

**ANSWER**

**JURY TRIAL DEMANDED**

      Defendants HORNBLOWER NEW YORK, LLC and HORNBLOWER YACHTS,

LLC, by their attorneys, Freehill, Hogan & Mahar, LLP, as and for an Answer to the

Complaint of Jaclyn Figueroa *née* Josko, allege upon information and belief as follows:

## ANSWER TO JURISDICTIONAL ALLEGATIONS

    1.      Admit the allegations contained in paragraphs 1 and 3 of the Complaint.

2.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint.

3.    Deny the allegations contained in paragraph 4 of the Complaint.

## ANSWER TO PARTIES AND FACTUAL BACKGROUND

4.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 5, 6, 7, 8 and 9 of the Complaint.

5.    Admit that on or about May 10th and 11th, 2014 and presently, Hornblower New York LLC was and still is a foreign limited liability company organized and existing under by virtue of the laws of the State of Delaware and authorized to do business in the city and State of New York and advertises under the name Hornblower Cruises and Events, but except as so admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraphs 10 and 11 of the Complaint.

6.    Admit that in the year 2014, Defendant Hornblower New York LLC provided cruises on ships which it operated on navigable waters, but except as so admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 12 of the Complaint.

7.    Deny the allegations in paragraphs 13, 14, 17, 23, 24, 27, 29, 30, 31, 32, 33 and 34 of the Complaint.

8.    Admit that Hornblower New York LLC advertised a cruise entitled "Rock the Yacht—Saturday Night Party Cruise" on which alcoholic drinks were served, but except as so

457992.1

admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 15 of the Complaint.

9.      Admit that on or about May 10th and 11th, 2014, Hornblower Yachts, LLC was and is a foreign limited liability company organized and existing under by virtue of the laws of the State of California, but except as so admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 16 of the Complaint.

10.      Denies the allegations contained in paragraphs 18, 19, 20, 21 and 22 of the Complaint.

11.      Admit that Hornblower New York LLC issued a ticket a "Rock the Yacht— Saturday Night Party Cruise" to Peter Figueroa for four guests, one of whom was Taleisha Charles on May 10, 2014 for a cruise to depart from Pier 15, New York, New York, but except as so admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraphs 25 and 26 of the Complaint.

12.      Admit the allegations in paragraph 28 of the Complaint.

13.      The allegations in paragraphs 35, 36, 37, 38 are conclusions of law to which no answer is required, but to the extent that the allegations are factual, they are denied.

## ANSWER TO FIRST CAUSE OF ACTION

14.      Defendants repeat and reallege each and every response to each and every allegation set forth in paragraphs 1 through 38 of the Complaint, as if the responses were fully set forth herein.

3

457992.1

15.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 40, 42, 48, 49 and 50 of the Complaint.

16.    Deny the allegations in paragraphs 41, 51, 52, 53, 54 and 55 of the Complaint.

17.    The allegations in paragraphs 43, 44, 45, 46 and 47 are conclusions of law to which no answer is required, but to the extent that the allegations are factual, they are denied.

### ANSWER TO SECOND CAUSE OF ACTION

18.    Defendants repeat and reallege each and every response to each and every allegation set forth in paragraphs 1 through 55 of the Complaint, as if the responses were fully set forth herein.

19.    Admit the allegations in paragraph 57 of the Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 58, 62, 63, 65, and 66 of the Complaint.

21.    The allegations in paragraphs 59, 60, 61 and 68 are conclusions of law to which no answer is required, but to the extent that the allegations are factual, they are denied.

22.    Deny the allegations in paragraphs 64, 67 and 69 of the Complaint.

### ANSWER TO THIRD CAUSE OF ACTION

23.    Defendants repeat and reallege each and every response to each and every allegation set forth in paragraphs 1 through 69 of the Complaint, as if the responses were fully set forth herein.

4

457992.1

24.     Deny the allegations contained in paragraphs 71, 72 and 73 of the Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

25.     Defendants repeat and reallege each and every response to each and every allegation set forth in paragraphs 1 through 73 of the Complaint, as if the responses were fully set forth herein.

26.     Deny the allegations contained in paragraphs 75, 77 and 78 of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76 of the Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION

28.     Defendants repeat and reallege each and every response to each and every allegation set forth in paragraphs 1 through 78 of the Complaint, as if the responses were fully set forth herein.

29.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 80 of the Complaint.

30.     Deny the allegations contained in paragraph 81 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31.     Plaintiff lacks standing to bring this action.

457992.1

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32.     The death of Peter Figueroa was caused by his own negligence, culpable conduct, recklessness and gross negligence and any damages which Plaintiff obtains must be reduced in accordance with their own negligence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33.     The Complaint or parts of it fails to state a claim upon which relief can be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34.     The terms and conditions on the ticket purchased by Plaintiffs are applicable to this lawsuit.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35.     If Plaintiffs have settled with any other party, then Defendants must receive the applicable credit required by NYGOL 15-108.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

36.     Any applicable state law, including New York and New Jersey, is preempted by the federal General Maritime Law and any applicable federal statutes.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

37.     In the event Plaintiffs recover a verdict or judgment against Defendants, then said verdict or judgment must be reduced and set off pursuant to C.P.L.R. §4545 by those

457992.1

amounts which have been or will with reasonable certainty replace or indemnify Plaintiffs in whole or in part for any past or future claims, economic loss, from any collateral source, including but not limited to, insurance, social security or employee benefit programs.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

38.    In the event Plaintiffs recover a verdict or judgment against Defendants, then said verdict or judgment must be reduced and set off pursuant to N.J.S.A. 2A:15-97 by those amounts which have been, or will, with reasonable certainty replace or indemnify Plaintiffs in whole or in part, for any past or future claims, economic loss, from any collateral source, including, but not limited to, insurance, social security or employee benefit programs.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

39.    Plaintiff decedent caused or contributed to his own injuries by violating the Passenger Automobile Seatbelt Usage Act, N.J.S.A. 39:3-76.2 et seq.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

40.    Plaintiff Taleisha Charles is precluded from recovery because she did not suffer "serious injuries" as defined by §5102(d) of the Insurance Law of the State of New York.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

41.    Plaintiffs' claims are barred by the applicable statutes of limitations or the doctrine of laches.

7

457992.1

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

42.     Any liability by Defendants, which is entirely denied, would be 50% or less of the total liability assigned to all persons liable within the meaning of N.J.S.A. 2A:15-5.1 et seq. which precludes any liability on the part of the Answering Defendants.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

43.     The injuries to the Plaintiffs arose out of certain risks, dangers and hazards all of which were open, obvious and well known to the Plaintiffs and the decedent at and before the said injuries and/or illnesses were sustained and all the said risks, dangers and hazards were assumed by Plaintiffs and the decedent.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

44.     Defendants cannot be held jointly liable to the Plaintiffs under New Jersey law, as any negligence or fault on the part of the Defendants, which is denied, is less than 60% of the total damages in accordance with N.J.S.A. 2A:15-5.3c.

## AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

45.     The injuries to Plaintiffs and the death of Peter Figueroa were the result of a superseding cause for which Answering Defendants are not liable.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

46.     Any liability of Defendants is subject to limitation to the value of the vessel after the incident in accordance with 46 U.S.C. §30501-30512.

457992.1

## CROSS-CLAIM AGAINST DEFENDANT RAFAELLA D. MARANHAO

Defendants Hornblower New York LLC and Hornblower Yachts LLC, as and for a cross-claim against Defendant Rafaella D. Maranhao, allege upon information and believe as follows:

1.     Answering Defendants Hornblower New York LLC and Hornblower Yachts, LLC incorporate by reference their responses to the Complaint as set forth above.

2.     Plaintiffs Jaclyn Figueroa *née* Josko, as Administrator of the goods chattels and credits which were of Peter Figueroa, Deceased, Individually and as Guardian of Peyton Figueroa, Infant, have commenced a lawsuit claiming damages against Answering Defendants Hornblower New York LLC and Hornblower Yachts, LLC as a result of an automobile accident on May 11, 2014 in which Rafaella D. Maranhao was the driver.

3.     If Answering Defendants Hornblower New York LLC and/or Hornblower Yachts, LLC are held liable for damages due to the death of Peter Figueroa, then Answering Defendants Hornblower New York LLC and Hornblower Yachts, LLC are entitled to contribution and indemnity from Defendant Rafaella D. Maranhao for all damages for which Answering Defendants may be liable to Plaintiff.

**WHEREFORE,** Answering Defendants Hornblower New York LLC and Hornblower Yachts, LLC request judgment in their favor dismissing the Complaint as to them and for judgment in contribution and indemnity against Rafaella D. Maranhao for any damages for which Answering Defendants may be held liable to Plaintiff, together with costs

9

457992.1

and attorney's fees in the defense of this action and the prosecution of the cross-claim and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       November 2, 2016

                                        FREEHILL, HOGAN & MAHAR, LLP
                                        *Attorneys for Defendants*
                                        *HORNBLOWER NEW YORK, LLC*
                                        *and HORNBLOWER YACHTS, LLC*


                              By:   _____
                                        John J. Walsh
                                        80 Pine Street – 25th Floor
                                        New York, New York 10005
                                        Telephone:  (212) 425-1900
                                        Facsimile:  (212) 425-1901
                                        walsh@freehill.com

TO:    Richard M. Winograd, Esq.
       Ginarte, O'Dwyer, Gonzalez, Gallardo & Winograd, LLP
       Attorneys for Plaintiffs
       225 Broadway, 13th Floor
       New York, New York  10007-3772

       Ms. Rafaella D. Maranhao
       18 Franklin Street, 2nd Floor, Apt. 3
       Harrison, New Jersey  07029

457992.1