USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 2 0 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Crystal Forde *et al.*,

                Plaintiffs,

–v–

Hornblower New York, LLC
d/b/a Hornblower Cruises & Events *et al.*,

                Defendants.

16-cv-4028 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiffs Forde and Charles originally filed this dram shop admiralty lawsuit in New York state court. Defendants subsequently removed the case to federal court, and Plaintiffs filed a motion to remand. After Plaintiffs Forde and Charles filed their motion to remand, another potential plaintiff intervened to oppose remand and then later filed a complaint against the same defendants. Because there was no basis for removal beyond admiralty jurisdiction, the Court remands Forde and Charles' case to state court. For largely prudential reasons, the Court declines to exercise its discretion to consider Intervenor Figueroa's complaint and accordingly dismisses that complaint without prejudice.

## I. Background

    This dram shop tort action stems from a drunk driving accident that occurred in the wake of a "booze cruise." According to the allegations in the state court complaint, on May 10, 2014, multiple people — including decedent Prince Stoney, Plaintiff Taleisha Charles, decedent Peter Figueroa, and Defendant Rafaella Maranhao — attended a "Rock the Yacht – Saturday Night Party Cruise." Compl. ¶¶ 26, 41 (Dkt No. 1-1); Intervenor Compl. ¶ 27 (Dkt No. 20). Referred

to as "a 'booze cruise' to nowhere," the cruise started and ended in New York City. Compl. ¶¶ 26, 34; Mot. at 2 (Dkt No. 9). The ship was owned by Defendants Hornblower New York LLC and Hornblower Yachts LLC. Compl ¶¶ 11, 13, 26.

Defendant Maranhao became intoxicated during this cruise. According to the allegations in the complaint, the Hornblower Defendants "served and continued to serve [Maranhao] intoxicating liquor beverages even after they knew, or should have known, that [Maranhao] had become intoxicated." Compl. ¶ 40. After the cruise ended and the boat docked for the night, Maranhao got into her car with Stoney, Charles, and Figueroa. Compl ¶¶ 41-42. While driving home to New Jersey, Maranhao lost control of the car, and it overturned. *Id.* Stoney and Figueroa both died in the accident, and Charles suffered serious injuries. Compl. ¶ 43; Intervenor Compl. ¶¶ 42, 49.

On May 4, 2016, this lawsuit was filed in New York Supreme Court by the administrator of Stoney's estate (Crystal Forde) and Charles (collectively, "Plaintiffs"). Dkt No. 1-1 at 2; Mot. at 3; Opp. at 3 (Dkt No. 15). The suit alleged violations of New York Alcoholic Beverage Control Laws §§ 65 and 117-a, among other state law claims, and it named Maranhao, Hornblower New York LLC, and Hornblower Yachts LLC as defendants. Compl. ¶¶ 47, 57. The Hornblower Defendants subsequently removed the action to federal court, asserting admiralty jurisdiction as the sole justification for removal. Dkt No. 1.[1]

On June 30, 2016, Plaintiffs filed a motion to remand. Dkt No. 7. Plaintiffs argued that, because the tortious acts alleged in their complaint "are not of a traditional maritime character," admiralty jurisdiction does not exist in this case. Mot. at 1. The Hornblower Defendants opposed the motion to remand. Dkt No. 15. On July 21, 2016, the Court granted leave for the

---

[1] Maranhao was named as a defendant in this action, but she has apparently fled the jurisdiction, and her precise location is unknown. Opp. at 2 n.1; Dkt No. 1 ¶ 11; Dkt No. 12.

2

administrator of Figueroa's estate to intervene, and Intervenor Figueroa also filed a brief opposing the motion to remand. Dkt Nos. 16-17. Plaintiffs did not file a reply. On September 8, 2016, Intervenor Figueroa also filed a complaint against the Hornblower Defendants and Maranhao. Dkt Nos. 19-20. Like Plaintiffs' complaint, Intervenor Figueroa's complaint asserts a number of state law causes of action. Intervenor Compl. ¶¶ 55, 69 (Dkt No. 20).

## II. Standard of Review & Issue Presented

The question presented is whether removal was proper in this case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(a). The defendant typically bears the burden of proving that removal was proper. *See Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010); *Phoenix Glob. Ventures, Inc. v. Phoenix Hotel Assocs., Ltd.*, No. 04 Civ. 4991RJH, 2004 WL 2360033, *2 (S.D.N.Y. Oct. 19, 2004). In light of federalism concerns, federal courts construe the removal statute narrowly and resolve any doubts against removability. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Goel v. Ramachandran*, 823 F. Supp. 2d 206, 209 (S.D.N.Y. 2011).

Plaintiffs' motion seeks remand solely on the ground that the alleged wrongs "are not substantially related to traditional maritime activities," and therefore that admiralty jurisdiction does not exist. Mot. at 7. However, as the Hornblower Defendants point out in their opposition brief, another jurisdictional issue exists. Opp. at 7-16. Even assuming that the wrongs alleged in the complaint are "related to traditional maritime activities" and thus that admiralty jurisdiction exists, there is a separate question of whether a defendant may remove an admiralty action from state court absent a separate basis for jurisdiction.

3

Plaintiffs do not address this separate question. It was not mentioned in their motion to remand, and Plaintiffs did not file a reply to the briefs opposing remand filed by the Hornblower Defendants and Intervenor Figueroa. Notwithstanding Plaintiffs' failure to raise the issue, the Court has "an independent obligation to examine [its] own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *see also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006); Fed. R. Civ. P. 12(h)(3). "Subject matter jurisdiction cannot be waived." *Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010). As a consequence, if jurisdiction is lacking in this case, the Court must remand the case, notwithstanding Plaintiffs' failure to raise the argument. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Newman and Cahn, LLP. v. Sharp*, 388 F. Supp. 2d 115, 118 (E.D.N.Y. 2005) ("Where a case has been improperly removed and the Court has no subject matter jurisdiction, the Court must remand the case *sua sponte* to the state court where it originated." (citation omitted)).

### III. The Court Lacks Subject Matter Jurisdiction

As explained more thoroughly below, the Court concludes that an admiralty case may be removed to federal court only if another basis of jurisdiction exists. Here, Defendants concede that there is no other basis for jurisdiction beyond the admiralty jurisdiction statute. For this reason, the Court remands Plaintiffs Forde and Charles's complaint to state court. Additionally, for reasons outlined in more depth below, the Court declines to exercise jurisdiction over Intervenor Figueroa's complaint.

#### A. Because Admiralty Jurisdiction Was the Only Basis for Removal, The Court Lacks Jurisdiction Over the Forde and Charles Complaint

Ordinarily, a defendant may remove an action initially filed in state court to federal court "if the case originally could have been filed in federal court." *Vera v. Saks & Co.*, 335 F.3d 109,

4

113 (2d Cir. 2003) (citing 28 U.S.C. § 1441(a)). In general, this means a case is removable only if a federal question exists on the face of the plaintiff's well-pleaded complaint or complete diversity of citizenship exists. *See Caterpillar Inc.*, 482 U.S. at 392. Even when the parties are diverse, however, the case cannot be removed if any of the defendants are citizens of the state in which the action was originally brought. 28 U.S.C § 1441(b)(2).

The defendants concede that removal cannot be premised on diversity jurisdiction in this case. *See* Opp. at 7, 16. The parties are not completely diverse, as Plaintiffs and Defendant Maranhao are citizens of New Jersey. Compl. ¶¶ 3-7, 41; Opp. at 2; Dkt No. 1 ¶ 5; *see Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." (quotation marks omitted)). Additionally, the Hornblower Defendants are "forum defendants," as they are citizens of New York, the state in which the action was originally brought. Compl. ¶¶ 8-11; 28 U.S.C § 1441(b)(2).

The defendants also concede that there is no federal question jurisdiction in this case. *See* Opp. at 3, 7, 16; *see also* 28 U.S.C § 1331. Plaintiffs' complaint alleges only state law claims. *See* Compl. ¶¶ 37-90. And although the admiralty jurisdiction statute provides district courts with "original jurisdiction" over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled," *see* 28 U.S.C. § 1333(1), the Supreme Court has held that admiralty claims do not arise under federal law for purposes of federal question jurisdiction. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959); *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001) ("We have

previously refused to hold that admiralty claims . . . fall within the scope of federal question jurisdiction.").

Under the historical approach to admiralty jurisdiction, removal would be improper in this case. In holding that admiralty claims do not fall within federal question jurisdiction, the Supreme Court determined that admiralty claims are not freely removable. *See Romero*, 358 U.S. at 371-72; *Lewis*, 531 U.S. at 445, 455. The Court did so by noting the "historic" right of plaintiffs with maritime claims to litigate in state court, if they so desired. *Romero*, 358 U.S. at 371. Accordingly, the traditional rule for admiralty cases has been that removal is improper unless a separate basis of jurisdiction exists. *See id.*; *Pierpoint v. Barnes*, 94 F.3d 813, 816 (2d Cir. 1996); *Nassau Cty. Bridge Auth. v. Olsen*, 130 F. Supp. 3d 753, 760 (E.D.N.Y. 2015). Specifically, courts have held that admiralty cases are removable only if diversity of citizenship exists (and the defendant is not a citizen of the forum state), *see Olsen*, 130 F. Supp. 3d at 760, or the plaintiff also brought some other federal claim such that supplemental jurisdiction could be extended over the admiralty claim, *see Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003). Because neither diversity nor federal court jurisdiction exists in this case, Defendants concede that removal would be improper in this case under this traditional approach. *See* Opp. at 7.

Defendants nonetheless removed this case on the ground that a subsequent change in the law has altered this analysis. Prior to 2011, 28 U.S.C § 1441(b) stated that "[a]ny civil action of which the district courts have original jurisdiction *founded on a claim or right under the Constitution, treaties or laws of the United States* shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C § 1441(b) (West 2006) (emphasis added). As mentioned earlier, the Supreme Court has held that admiralty claims are not "founded on"

6

federal law. *Romero*, 358 U.S. at 371-72. Consequently, some courts interpreted the text of the pre-2011 version of § 1441(b) — which permitted removability only for lawsuits "founded on a claim or right under" federal law — as precluding the removal of admiralty claims. *See, e.g., In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991).

In 2011, Congress amended § 1441. Importantly for purposes of this case, Congress removed the reference to actions "founded on a claim or right" under federal law. The current version of § 1441 permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Relying on this change of language, at least some district courts have concluded that admiralty claims are now removable even when, as here, there is no separate basis for jurisdiction. *See, e.g., Exxon Mobil Corp. v. Starr Indem. & Liab. Corp.*, Civil Action No. H–14–1147, 2014 WL 2739309, at *2 (S.D. Tex. June 17, 2014), *remanded on other grounds on reconsideration*, 2014 WL 4167807 (S.D. Tex. Aug. 20, 2014); *Carrigan v. M/V AMC Ambassador*, No. H–13–03208, 2014 WL 358353, *2 (S.D. Tex. Jan. 31, 2014); *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 777-78 (S.D. Tex. 2013). Relying heavily on *Ryan*, 945 F. Supp. 2d 772, the seminal district court case adopting this reasoning, the defendants here urge the Court to adopt this approach to the removability of admiralty actions. Opp. at 7, 9-11. Under *Ryan*'s reasoning, removal would be appropriate in any admiralty case, including this one.

The Court is not persuaded. As noted, the admiralty jurisdiction statute allows for jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*" 28 U.S.C. § 1333(1) (emphasis added). The emphasized language is known as the "saving to suitors" clause. The Supreme Court has stated that the purpose of the saving to suitors clause is to preserve "the historic option

of a maritime suitor pursuing a common-law remedy to select his forum, state or federal." *Romero*, 358 U.S. at 371. The Supreme Court has further stated that, if this right of a maritime plaintiff to choose a state forum is to have any meaning, then admiralty cases cannot be freely removable. *Id.*; *Lewis*, 531 U.S. at 455. It was for this reason that the Supreme Court in *Romero* held that admiralty claims do not "arise under" federal law for purposes of federal question jurisdiction.

The reasoning of *Romero* explains why Defendants' jurisdictional argument fails. Again, there is no basis for jurisdiction in this case beyond the admiralty jurisdiction statute. Thus, if the Court were to accept Defendants' argument that jurisdiction exists in this case, it would mean that all admiralty cases are freely removable. Such a rule would directly contradict the saving to suitors clause, as interpreted by the Supreme Court and Second Circuit. *See Romero*, 358 U.S. at 371-72; *Lewis*, 531 U.S. at 445 (stating that the purpose of the saving to suitors clause is to "preserve[] remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims"); *Pierpoint*, 94 F.3d at 816 ("Dating back to the Judiciary Act of 1789, this [saving to suitors] clause preserves a plaintiff's right to a state court forum in cases arising under the common law of the sea."). In other words, while the text of § 1441 may no longer bar removability, the "saving to suitors" clause and precedent interpreting that clause still does.

The Court recognizes that a few district courts have determined otherwise. *See, e.g.*, *Exxon Mobil Corp.*, 2014 WL 2739309, *2; *Provost v. Offshore Service Vessels, LLC*, No. 14–89–SDD–SCR, 2014 WL 2515412, *3 (M.D. La. June 4, 2014); *Ryan*, 945 F. Supp. 2d at 777. However, for at least two reasons, the Court finds these cases unpersuasive. First, the seminal case reaching this conclusion, *Ryan*, reasoned that the purpose of the "saving to suitors" clause was to preserve the right of plaintiffs to "pursue nonmaritime *remedies*," not the right to "a

8

nonfederal *forum*." *Ryan*, 945 F. Supp. 2d at 774 (quoting *Tenn. Gas Pipeline v. Houston Cas. Ins.*, 87 F.3d 150, 153 (5th Cir. 1996)). But this reasoning contradicts language from Supreme Court and Second Circuit Court of Appeals opinions stating that the purpose of the saving to suitors clause is to guarantee the right to a state *forum*. *See Lewis*, 531 U.S. at 455 ("We have previously refused to hold that admiralty claims . . . fall within the scope of federal question jurisdiction out of concern that saving to suitors actions in state court would be removed to federal court and *undermine the claimant's choice of forum.*" (emphasis added)); *Romero*, 358 U.S. at 371-72 ("[T]he historic option of a maritime suitor pursuing a common-law remedy *to select his forum, state or federal*, would be taken away . . . [if admiralty] actions [were] freely removable under § 1441." (emphasis added)); *Pierpont*, 94 F.3d at 816 ("Dating back to the Judiciary Act of 1789, this clause preserves a plaintiff's right to a *state court forum* in cases arising under the common law of the sea." (emphasis added)).

Second, the legislative history of § 1441 undermines *Ryan*. There is no "indication in the legislative history of the 2011 amendments to § 1441 that Congress had intended to remove or alter the 'saving to suitors' clause." *Olsen*, 130 F. Supp. 3d at 763. "To the contrary, the House Report on the 2011 amendments indicates that Congress's intention was procedural, not substantive: 'Section 103(a)(3) places the provisions that apply to diversity actions under one subsection. This change is intended to make it easier for litigants to locate the provisions that apply uniquely to diversity removal.'" *Id.* (quoting H.R. Rep. No. 112–10); *see also A.E.A. ex rel. Angelopoulos v. Volvo Penta of the Am., LLC*, 77 F. Supp. 3d 481, 491 (E.D. Va. 2015) ("[T]he legislative history of the 2011 amendment to § 1441 does not support such a jurisdictional change in maritime law."); *Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d

9

749, 763 (E.D. La. 2014) ("The House Report on the 2011 amendments evidences no intent to change the operation of removal of maritime or admiralty cases.").

Additionally, although no federal court of appeals has resolved this issue, the overwhelming majority of district courts have taken the position the Court adopts here, that admiralty claims are not removable absent another basis of jurisdiction. *See Langlois v. Kirby Inland Marine, LP*, 139 F. Supp. 3d 804, 809 (M.D. La. 2015) (citing over forty cases for the proposition that a "growing chorus of district courts that have concluded that the [the 2011 amendment to § 1441] did not upset the long-established rule that general maritime law claims, saved to suitors, are not removable to federal court, absent some basis for original federal jurisdiction other than admiralty"); *Olsen*, 130 F. Supp. 3d at 763 ("[T]he majority of district courts . . . have thus far declined to follow *Ryan*."). In fact, the judge who authored *Ryan* even subsequently changed his mind on the issue. *See Sanders v. Cambrian Consultants (CC) Am., Inc.*, 132 F. Supp. 3d 853, 857-58 (S.D. Tex. 2015). Because Defendants' argument for removal contradicts the saving to suitors clause, as interpreted by the Supreme Court and Second Circuit, the Court cannot conclude that jurisdiction exists in this case even given the 2011 amendment to § 1441. The Court must therefore remand Forde and Charles' case back to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### B. The Effect of Intervenor Figueroa's Complaint

For the reasons provided above, the Court has concluded that the removal of Plaintiffs Forde and Charles's case was improper and that remand of their case is required. However, the original Plaintiffs, Forde and Charles, were not the only parties file a complaint. After this case was removed and Plaintiffs filed a motion to remand, Jaclyn Figueroa intervened and eventually

filed her own complaint on behalf of decedent Peter Figueroa. Dkt Nos. 19-20. The Court must thus determine how Figueroa's intervention affects the Court's jurisdiction over this case.

The Court first notes that it arguably would have jurisdiction over Figueroa's complaint if she had filed her own action in federal district court in the first instance. While removal based solely on admiralty jurisdiction is not permitted, a district court does have original jurisdiction over an admiralty complaint filed in federal court, as the saving to suitors clause gives a maritime plaintiff the choice of either a federal or state forum. *See* 28 U.S.C. § 1333(1); *Romero*, 358 U.S. at 370-71.

Although the Court could have had jurisdiction over Figueroa's complaint had it been filed in federal court in the first instance, Figueroa's intervention does not cure the jurisdictional defect with respect to the removal of Forde and Charles's complaint. It is well-established in this circuit "that if jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of a plaintiff with a sufficient claim." *Disability Advocates, Inc. v. N.Y. Coal for Quality Assisted Living, Inc.*, 675 F.3d 149, 160 (2d Cir. 2012) (alterations, citations, and quotation marks omitted); *see also Town of West Hartford v. Operation Rescue*, 915 F.2d 92, 95 (2d Cir. 1990) ("[I]t is fundamental that an intervening claim cannot confer subject matter jurisdiction over the action it seeks to join."); *Pressroom Unions–Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983)) ("The longstanding and clear rule is that if jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of a plaintiff with a sufficient claim." (alterations, quotation marks, and citations omitted)); *Pianta v. H.M. Reich Co.*, 77 F.2d 888, 890 (2d Cir. 1935); *In re Puda Coal Sec. Inc. Litig.*, No. 11 Civ. 2598(KBF), 2013 WL 5493007, at *13 (S.D.N.Y. Oct. 1, 2013) ("Intervention is not a cure-all for jurisdictional defects that would have barred the court from hearing an action

in the first instance."). These cases establish that Figueroa's intervention cannot cure the jurisdictional defect that existed at the moment of removal of Forde and Charles's complaint. The Court must therefore remand Forde and Charles's complaint due to lack of subject matter jurisdiction.

The Court must next assess whether to retain jurisdiction over Intervenor Figueroa's complaint. Although it is black letter law in this Circuit that "the right to intervene presupposes an action duly brought," *see Disability Advocates*, 675 F.3d at 160 (quoting *Pianta*, 77 F.2d at 890), the Second Circuit has also held that a district court has "discretion to treat [an intervenor's] pleading as a separate action in order to adjudicate the claims raised by him" when "there is an independent basis for jurisdiction with regard to the intervenor." *Town of Hartford*, 915 F.2d at 105 (quoting 7C C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1917, at 458-59); *see also Atkins v. State Bd. of Ed.*, 418 F.2d 874, 876 (4th Cir. 1969) ("[A] court *may* treat intervention as a separate action, especially when the intervenor has an independent basis for jurisdiction." (emphasis added)); *Fuller v. Volk*, 351 F.2d 323, 328 (3d Cir. 1965) ("[A] court has discretion to treat the pleading of an intervenor as a separate action in order that it might adjudicate the claims raised by the intervenor."); *First Union Nat'l Bank v. Burke*, 48 F. Supp. 2d 132, 139 (D. Conn. 1999). As mentioned above, if admiralty jurisdiction applies to the allegations in Intervenor Figueroa's complaint, then Figueroa could have filed in federal court in the first instance.

For two prudential reasons, however, the Court declines to exercise its discretion to consider Intervenor Figueroa's complaint. First, it not entirely clear that subject matter jurisdiction actually exists over Intervenor Figueroa's complaint. While 28 U.S.C. § 1333(1) does provide original jurisdiction over civil cases of admiralty jurisdiction when the plaintiff

files in federal court in the first instance, admiralty jurisdiction exists only when "the general character of the activity giving rise to the incident bears a substantial relationship to traditional maritime activity." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 248 (2d Cir. 2014). As Plaintiff Forde and Charles's motion to remand points out, there is some question of whether tortious acts alleged in this case bear a significant relationship to traditional maritime activity. Mot. at 3.

Second, dismissing Intervenor Figueroa's complaint may be the most efficient result. If the Court did conclude that admiralty jurisdiction exists over Intervenor Figueroa's complaint, the result would be that Figueroa's complaint would remain in federal court while the Forde and Charles complaint would continue in state court. It seems imprudent to separate the two complaints in this way, as both complaints stem from the same locus of operative facts, involve the same defendants, and assert the same state causes of action. Dismissing the intervenor complaint provides Figueroa an opportunity to decide whether she would like to proceed in state court with Forde and Charles or whether she would truly like to litigate in federal court.

## IV. Conclusion

This Court joins the majority of district courts in concluding that the savings to suitor clause continues to bar the removal of admiralty claims absent an independent basis for federal court jurisdiction, even in the wake of the 2011 amendment to 28 U.S.C. § 1441. Because no separate basis of jurisdiction exists in this case, the Court hereby remands Plaintiffs Forde and Charles' case to the New York Supreme Court, County of New York. *See* 28 U.S.C. § 1447(c); *Olsen*, 130 F. Supp. 3d at 763. Additionally, the Court declines to exercise its discretion over Intervenor Figueroa's complaint, and it dismisses that complaint without prejudice.

This resolves Docket Number 7. The Clerk of the Court is directed remand Plaintiffs' Forde and Charles' complaint to state court and then close the case.

SO ORDERED.

Dated: March 20, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge